UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN FIALKA,

                Plaintiff,

CASE NO. 14-CV-12147
HONORABLE GEORGE CARAM STEEH

v.

US BANK/US BANK N.A. SAIL 2006-4,
WELLS FARGO HOME LENDING, and
AMERICAN SERVICING COMPANY,[1]

                Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS (DOC. #11) AND DISMISSING CASE

Pro se Plaintiff Karen Fialka challenges completed foreclosure proceedings of her residential property located in Farmington Hills, Michigan. Plaintiff's initial complaint raised claims under the Fair Credit Reporting Act, Fair Debt Collection Practices Act, and Michigan Credit Reporting Act, as well as claims of defamation and intentional infliction of emotional distress. After a status conference, Plaintiff filed an amended complaint (Doc. #10). In the amended complaint, Plaintiff alleges that Defendants lacked standing to foreclose because they did not lawfully own the debt secured by Plaintiff's property, nor did they have an interest in the debt, and that Defendants made material misrepresentations to Plaintiff in the course of foreclosing. As relief, Plaintiff requests one-million dollars

---

[1] Plaintiff incorrectly names Wells Fargo Home Lending and American Servicing Company as defendants. The proper defendant is Wells Fargo Bank, N.A. Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A., and America's Servicing Company is an assumed name of Wells Fargo Home Mortgage.

($1,000,000.00) in damages. This matter is before the court on Defendants' motion to dismiss. Oral argument in this matter had been scheduled for November 18, 2014, but upon review of the submissions, the court determines that oral argument would not significantly aid the decision process. Pursuant to Local Rule 7.1(e)(2), the motion shall be resolved without a hearing. The court grants Defendants' motion to dismiss as set forth below.

BACKGROUND

This case involves the real property located at 29478 Juneau Lane, Farmington Hills, Michigan 48336 (the "Property"). On April 27, 2006, Plaintiff executed a mortgage on the Property and a promissory note in the amount of $280,368.00. Plaintiff's 30-year mortgage identifies BNC Mortgage, Inc. ("BNC") as lender, Plaintiff as borrower, and MERS as mortgagee and nominee for BNC. The mortgage was recorded on May 12, 2006.

In 2008, Plaintiff filed for bankruptcy under Chapter 7 of the Bankruptcy Code. *See In re Fialka*, No. 08-51039-mbm. At the conclusion of the bankruptcy proceedings, Plaintiff's legal obligation to make payments on the promissory note was discharged, among other things. Plaintiff, however, continued to make payments on the note.

On July 16, 2010, MERS, as nominee for BNC, assigned the mortgage to U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2006-4 ("U.S. Bank"). This assignment was recorded on August 9, 2010.

Plaintiff later entered into a Home Affordable Modification Agreement with Wells Fargo Bank, N.A. ("Wells Fargo") in 2011. As part of the agreement, Plaintiff acknowledged:

-2-

> That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

A corporate assignment of mortgage was recorded on July 1, 2013 showing the assignor as MERS as nominee for BNC, and the assignee as U.S. Bank.

Plaintiff defaulted on her mortgage loan in 2013. Accordingly, Wells Fargo, in its capacity as the mortgage servicer, pursued foreclosure by advertisement under Mich. Comp. Laws §§ 600.3201, *et seq.* On December 10, 2013, a Sheriff's sale was held, and U.S. Bank was the purchaser of the Property for $299,928.64.

Under Michigan law, Plaintiff had six months to redeem the property. Mich. Comp. Laws § 600.3240. The six-month redemption period expired on June 10, 2014. Plaintiff failed to redeem the Property within the six-month statutory period.

Prior to the expiration of the redemption period, on May 30, 2014, Plaintiff brought this action pro se. Plaintiff does not seek to unwind the completed foreclosure sale or to quiet title to the Property in her name. Plaintiff seeks monetary damages in the amount of one-million dollars ($1,000,000.00) for Defendants' alleged violations in the foreclosure process. On September 3, 2014, Defendants filed the instant motion to dismiss Plaintiff's amended complaint. A response to Defendants' motion was due on Friday, October 3, 2014; Plaintiff failed to file a response. The motion is ready for decision.

## STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine

whether the allegations present plausible claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555). The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The well-pleaded facts must permit an inference of more than a mere possibility of misconduct. *Id.* at 679.

In ruling on a motion to dismiss, the court may consider not only the complaint, but also (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may take notice, and (3) public documents. *Tallabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) ("[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."). In this case, the court's consideration of the mortgage and assignments of the mortgage, which were attached as exhibits to Defendants' motion to dismiss and are matters of public record, does not convert the motion to a motion for summary judgment.

## ANALYSIS

I. Standing To Foreclose

Plaintiff's primary argument is that Defendants lacked standing to foreclose on the Property. Plaintiff's argument is twofold. First, Plaintiff argues that the mortgage and note were discharged in bankruptcy in 2008, and, therefore, Defendants could not foreclose on the Property because Plaintiff did not reaffirm the mortgage agreement after the bankruptcy. Second, Plaintiff argues that Defendants lacked standing to foreclose because the mortgage was severed from the note. Both arguments are equally unconvincing.

A. The Effect of the Bankruptcy

Plaintiff's argument that the bankruptcy court discharged the mortgage itself, thereby extinguishing the Defendants' rights to foreclose on the Property, is flawed. The bankruptcy court discharged Plaintiff from *personal liability* on her promissory note pursuant to 11 U.S.C. § 727. However, as the Supreme Court reasoned in *Johnson v. Home State Bank*, 501 U.S. 78, 80 (1991), such discharge does not eliminate the bank's right to proceed with foreclosure proceedings *in rem* because these latter actions survive Chapter 7 liquidation. The Supreme Court explained that Chapter 7 liquidation extinguishes a debtor's personal liability, only, for any deficiency on the debt owed. *Id.* at 82. However, "the [Bankruptcy] Code provides that a creditor's rights to foreclose on the mortgage survives or passes through the bankruptcy." *Id.* (citing 11 U.S.C. § 522(c)(2)); *Owen v. Owen*, 500 U.S. 305, 308–09 (1991); *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991); H.R. Rep. No. 95-595, pp. 361 (1977).

Here, although Plaintiff's personal liability for any deficiencies on the note was discharged, Defendants maintained the right to initiate foreclosure proceedings for nonpayment on the loan. As explained, Plaintiff defaulted on the loan in 2013. Therefore,

Defendants were within their rights to initiate foreclosure proceedings. Plaintiff's reliance on the bankruptcy court's order to argue that Defendants lacked standing to foreclose is without merit.

### B. Splitting the Mortgage and Note

Next, Plaintiff argues that Defendants lacked standing to foreclose because the mortgage was severed from the note, and Defendants allegedly do not hold the note. Plaintiff's argument is on shaky ground. The Michigan Supreme Court rejected the same argument in *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909 (2011). The *Saurman* Court made clear that a party holding an "interest in the indebtedness"—i.e. mortgagees of record, parties who own the indebtedness or the servicing agent of the mortgage—are authorized to foreclose by advertisement even if the party with an interest in the "indebtedness" does not also hold an interest in the note itself. *Id.* Here, MERS assigned the mortgage to U.S. Bank and the assignment was recorded. U.S. Bank, through its servicer Wells Fargo, initiated foreclosure proceedings in accordance with Michigan law. The foreclosure proceedings were authorized because the party foreclosing had an interest in the indebtedness. *See Saurman*, 490 Mich. 909. *See also Spadafore v. Aurora Loan Servs., LLC*, 564 F. App'x 168, 171 (6th Cir. 2014); *Yullie v. Am. Home Mortg. Serv., Inc.*, 483 F. App'x 132, 135–36 (6th Cir. 2012); *Berry v. Main Street Bank*, 977 F. Supp. 2d 766, 772 (E.D. Mich. 2013) (Duggan, J.); *Keyes v. Deutsche Bank Nat'l Trust Co.*, 921 F. Supp. 2d 749, 762 (E.D. Mich. 2013) (Lawson, J.); *Dye v. Wells Fargo Home Mortg.*, No. 13-cv-14854, 2014 WL 1908285, at *6 n.6 (E.D. Mich. May 13, 2014) (Borman, J.). Accordingly, even if the court accepts as true Plaintiff's position that the mortgage was severed from the note, the foreclosure was lawful.

II. Uniform Commercial Code

Plaintiff also challenges the Defendants' ability to foreclose, relying on the Uniform Commercial Code ("UCC"), apparently arguing that the mortgage was not properly assigned to U.S. Bank. Because there is no perfected chain of title, according to Plaintiff, foreclosure was improper. Plaintiff contends that Defendants must produce the original note in order to initiate foreclosure proceedings. This argument, like Plaintiff's arguments above, lacks merit.

First, assuming there was a flaw in the assignment from MERS to U.S. Bank, Plaintiff does not have standing to challenge U.S. Bank's chain of title. In *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102–03 (6th Cir. 2010), the Sixth Circuit, applying Michigan law, explained that "the maker of a promissory note could not challenge his obligations under the note by asserting that an invalid assignment had occurred." (citing *Bowles v. Oakman*, 246 Mich. 674, 225 N.W. 613, 614 (1929)). Indeed, "if the assignment were in fact irregular, that would be an issue between the assignor and assignee[.]" *Id.* at 103. A challenge to an assignment is only tenable where the mortgagor can show a potential for double liability if the assignment stands. *Conlin v. Mortg. Elec. Reg. Sys., Inc.*, 714 F.3d 355, 359–62 (6th Cir. 2013). Plaintiff has not alleged a potential for double liability. Nor has Plaintiff suggested that anyone other than U.S. Bank continued to attempt to collect the debt or could continue to do so. Plaintiff lacks standing to challenge the assignment.

Second, even if Plaintiff had standing to challenge the assignment from MERS to U.S. Bank, she does not have a plausible claim that the assignment was invalid. Plaintiff apparently challenges the assignment on the grounds that there is no record chain of title

showing U.S. Bank as mortgagee. She is wrong. As explained above, the assignment from MERS to U.S. Bank was recorded. This directly contradicts Plaintiff's position that there was no perfected chain of title. The chain of title clearly shows that U.S. Bank held the mortgage. In addition, subsequent to the assignment, Plaintiff entered into a modification agreement where she agreed that the "terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect." Therefore, her claim that there is no record chain of title is untenable.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (Doc. #11), pursuant to Fed. R. Civ. P. 12(b)(6), is GRANTED. The amended complaint will be dismissed in its entirety and judgment will enter for Defendants.

IT IS SO ORDERED.

Dated: October 21, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 21, 2014, by electronic and/or ordinary mail and also on Karen Fialka, 29478 Juneau Lane, Farmington Hills, MI 48336.

s/Barbara Radke
Deputy Clerk

---